UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER CROW,

    Petitioner,

vs.　　　　　　　　　　　　　　　　　Case No.:　3:16-cv-1113-J-32JBT
　　　　　　　　　　　　　　　　　　　　　　　　3:09-cr-301-J-32JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Christopher Crow's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, Motion to Vacate).[1] Petitioner raises a single claim that he was improperly sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The United States has responded (Civ. Doc. 4, Response), and Petitioner has replied (Civ. Doc. 5, Reply). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that

---

[1] Citations to the record in the underlying criminal case, United States vs. Christopher Crow, Case No. 3:09-cr-301-J-32JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:16-cv-1113-J-32JBT, will be denoted as "Civ. Doc. __."

1

the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's Motion to Vacate is due to be denied.

## I. Background

On October 14, 2009, a grand jury sitting in the Middle District of Florida indicted Petitioner and two co-defendants on one count of conspiring to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), as well as two counts of distributing marijuana, in violation of §§ 841(a)(1) and 841(b)(1)(D) (Counts Two and Three). (Crim. Doc. 1, Indictment). Petitioner pled guilty to conspiracy to distribute 100 kilograms or more of marijuana, a lesser included offense of Count One, under the terms of a written plea agreement. (Crim. Doc. 64, Plea Agreement).

Before sentencing, the Probation Office determined that Petitioner was a career offender under U.S.S.G. § 4B1.1. Presentence Investigation Report (PSR) at ¶ 40. The PSR cited two prior convictions for a controlled substance offense: (a) a January 10, 2001 conviction in Hopkins County, Texas for delivery of a controlled substance (cocaine), id. at ¶¶ 40.a, 44, and (b) an August 24, 2000 conviction in the United States District Court in Dallas, Texas for conspiracy to distribute cocaine base, id. at ¶¶ 40.b, 45. Due in part to the career offender enhancement, Petitioner's total offense level was 31 and his Criminal History Category was VI, id. at ¶¶ 43, 50, yielding an advisory sentencing range of 188 to 235 months in prison. U.S.S.G. § 5A (2010).[2] At sentencing,

---

[2] Without the career offender enhancement, Petitioner's total offense level would have been 27 and his Criminal History Category would have been IV, PSR at ¶¶ 39,

2

Petitioner disputed the career offender classification on the ground that the two controlled substance offenses were related to each other, and therefore were not two separate offenses. (Crim. Doc. 94, Sentencing Memorandum at 3-6). Petitioner also argued that the career offender enhancement would result in an unreasonably severe sentence and urged the Court to vary downward. (Id. at 2-3, 7-8). However, Petitioner did not argue that either of his prior convictions failed to satisfy the definition of a "controlled substance offense" under U.S.S.G. § 4B1.2(b).

The Court determined that Petitioner qualified as a career offender and that the Probation Office correctly calculated the Guidelines range. (Crim. Doc. 108, Sentencing Tr. at 42-43). However, the Court departed and varied downward, sentencing Petitioner to 135 months in prison. (Id. at 52); (Crim. Doc. 121, Amended Judgment).[3] Petitioner filed a notice of appeal, and on September 1, 2011, the Eleventh Circuit affirmed Petitioner's conviction and sentence. United States v. Crow, 440 F. App'x 696 (11th Cir. 2011).

Petitioner did not file a petition for a writ of certiorari. As such, Petitioner's conviction and sentence became final on November 30, 2011, when the 90-day period for seeking certiorari review expired. Kaufman v. United States, 282 F.3d 1336, 1338

---

49, yielding an advisory sentencing range of 100-125 months in prison, U.S.S.G. § 5A (2010).

[3]  The Court granted a motion under U.S.S.G. § 5K1.1, which lowered Petitioner's guidelines calculation from 31/VI to 29/VI, yielding an adjusted sentencing range of 151-188 months in prison. (See id. at 43). The Court also applied a downward variance to reach the 135 month sentence.

3

(11th Cir. 2002). Petitioner filed the Motion to Vacate on August 27, 2016, nearly five years later. (See Civ. Doc. 1 at 8).

**II.     The Motion to Vacate and Response**

Petitioner argues that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1. Petitioner contends that following United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), and Mathis v. United States, 136 S. Ct. 2243 (2016), one of his prior convictions no longer qualifies as a "controlled substance offense," and thus, he is ineligible for the enhancement. In Hinkle, the Fifth Circuit held that the definition of delivery of a controlled substance under §§ 481.112(a) and 481.002(8), Tex. Health & Safety Code – which is the same offense for which Petitioner was sentenced on January 10, 2001 – was indivisible and broader than the Guidelines' definition of a controlled substance offense. Hinkle, 832 F.3d at 574-76. As such, the Fifth Circuit concluded that such a conviction could not qualify as a "controlled substance offense" for purposes of U.S.S.G. § 4B1.1, and therefore could not serve as a predicate for the career offender enhancement. Id. at 576-77. Petitioner argues that under Hinkle and Mathis, his own conviction under § 481.112(a) likewise does not qualify as a controlled substance offense, and therefore he was incorrectly sentenced as a career offender.

The United States responds that Petitioner's Motion to Vacate is untimely. Response at 1, 3.[4] The United States points out that Petitioner filed the Motion to

---

[4]     Before the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017), the United States suggested that the decision had the potential to afford Petitioner some relief. Response at 1, 5-6. However, Beckles concerned only whether the career offender provision's residual clause, U.S.S.G. § 4B1.2(a)(2) (2006), was

4

Vacate more than five years after his conviction and sentence became final. The United States argues that Petitioner cannot establish an excuse for filing four years too late. Additionally, the United States argues that while Mathis applies to sentencing enhancements imposed under the Armed Career Criminal Act (ACCA), it "has no application to sentencing guidelines enhancements on collateral review." Response at 5.

**III. Discussion**

Even assuming Petitioner's Motion to Vacate is timely, the Court lacks authority to grant relief under § 2255.[5] "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). When a prisoner claims that his "sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a court lacks authority to grant relief "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Spencer, 773 F.3d at 1138 (quoting United States

---

unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the Armed Career Criminal Act's (ACCA's) residual clause was unconstitutionally vague). Beckles did not address the definition of a controlled substance offense, which is at issue here. In any event, the Beckles Court concluded that the void-for-vagueness doctrine does not apply to the advisory Sentencing Guidelines. Beckles, 137 S. Ct. at 894.

5   While the Court does not rely on the statute of limitations, it appears the Motion to Vacate is untimely as well. The two decisions on which Petitioner relies, Mathis and Hinkle, cannot reset the statute of limitations under 28 U.S.C. § 2255(f)(3). Mathis did not announce a new right or a new rule of law, see In re Hernandez, 857 F.3d 1162, 1164 (11th Cir. 2017), and Hinkle is not a decision of the United States Supreme Court, see 28 U.S.C. § 2255(f)(3).

v. Addonizio, 442 U.S. 178, 185 (1979)). Such a miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," such as when the defendant and his counsel are denied the right to be present at the sentencing hearing, or where the sentence exceeds the statutory maximum. See id. at 1138-39. Likewise, a sentencing error qualifies as a "fundamental defect" where "a prior conviction used to enhance his sentence has been vacated." Id. at 1139. However, lesser errors, such as a misapplication of the sentencing guidelines, do not authorize relief under § 2255. Id. at 1140 ("A misapplication of advisory sentencing guidelines … does not violate an 'ancient' right, nor does it raise constitutional concerns.").

The Eleventh Circuit held in Spencer that even misclassifying the defendant as a career offender – which is what Petitioner claims here – was not of a magnitude that warranted relief under § 2255. Id. at 1138-40. As the court explained, the guidelines are purely advisory; thus, the district court could have imposed the same sentence, even without the career offender enhancement, and it would have remained lawful so long as it was below the statutory maximum. Id. at 1140 ("But any miscalculation of the guidelines range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence Spencer, the district court could impose the same sentence again.") (citing Gilbert v. United States, 640 F.3d 1293, 1304 (11th Cir. 2011) (en banc)). See also Brown v. United States, 688 F. App'x 644, 650-51 (11th Cir. 2017) (change in the law that undermined prisoner's career offender enhancement did not warrant relief under Spencer and § 2255).

Likewise, Petitioner's 135-month prison sentence remains below the statutory maximum (and substantially below the advisory guidelines range) and is therefore lawful; application of the career offender enhancement does not implicate "actual innocence"; and none of the prior convictions underlying the career offender enhancement have been vacated. See Spencer, 773 F.3d at 1140.[6] As such, Spencer dictates that even if Petitioner's Motion were timely, the Court would lack authority to grant relief under § 2255.[7]

Therefore, having considered Petitioner's Motion to Vacate and finding that it does not warrant relief, it is hereby **ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED**.

2. Petitioner's "Motion for Summary Judgment" (Civ. Doc. 9) is **DENIED AS MOOT**.

3. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.

---

[6] Petitioner argues that his "prior Texas conviction has effectively been vacated" as it relates to the career offender enhancement, Reply at 3, but what he means is that the conviction no longer counts as a career offender predicate as a matter of law. Petitioner does not argue, nor does he present any evidence, that a court in Texas has actually vacated the prior conviction.

[7] Petitioner may also have procedurally defaulted his career offender claim because he never contested, either at sentencing or on direct appeal, whether his prior convictions satisfied the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b). Moreover, Petitioner may have waived his career offender claim as well because in his Plea Agreement he promised not to directly appeal or collaterally challenge his sentence, including any Guidelines calculations. (Crim. Doc. 64 at 12, ¶ B.5). However, because the United States did not assert either procedural default or waiver, the Court does not rely on these bases.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of October, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner